## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL KANE, TOMMY FULLEN, and GIOVANNE SALDARIAGGA, on behalf of themselves and on behalf of all others similarly situated, | §<br>§<br>§<br>§<br>§ | |
| Plaintiffs | §<br>§ | CIVIL ACTION NO. _____ |
| v. | §<br>§<br>§ | COMPLAINT—CLASS ACTION<br>AND COLLECTIVE ACTION |
| GAMESA WIND US, LLC; GAMESA TECHNOLOGY CORPORATION, INCORPORATED, LLC; GAMESA TECHNOLOGY CORPORATION, INC. | §<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |
| Defendants. | §<br>§<br>§<br>§ | |

### PLAINTIFFS' ORIGINAL CLASS ACTION
### AND COLLECTIVE ACTION COMPLAINT

### NATURE OF THE ACTION

1. Plaintiffs Paul Kane, Tommy Fullen and Giovanne Saldariagga bring this class action and collective action complaint contending that Gamesa Wind US, LLC, Gamesa Technology Corporation, Incorporated, LLC, and Gamesa Technology Corporation, Inc. ("Defendants" or "Gamesa") have improperly failed to pay overtime to its inspectors pursuant to the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("PWCPL").

2. During their employment with Gamesa, Plaintiffs and all similarly situated employees, routinely worked more than forty (40) hours per workweek. However, they were not compensated for their overtime hours pursuant to the FLSA and the PMWA. In particular, they

1

## PARTIES AND PERSONAL JURISDICTION

8.      Plaintiff Paul Kane is an individual residing in Altoona, Pennsylvania. His written consent to this action is attached hereto as Exhibit "A." Plaintiff Kane was employed by Gamesa. His official title was "Technical Advisor."

9.      Plaintiff Tommy Fullen is an individual currently residing in Spring, Texas. His written consent to this action is attached hereto as Exhibit "B." Plaintiff Fullen was employed by Gamesa. His official title was "Technical Advisor."

10.     Plaintiff Giovanne Saldariagga is an individual currently residing in Miami, Florida. His written consent to this action is attached hereto as Exhibit "C." Plaintiff Saldariagga was employed by Gamesa. His official title was "Quality Construction Supervisor."

11.     Defendant Gamesa Winds US, LLC is a Delaware limited liability company registered to transact business in the Commonwealth of Pennsylvania. Said Defendant maintains its principle offices at 1150 Northbrook Drive, Trevose, Pennsylvania 19053 in Bucks County Pennsylvania. As such, said Defendant is a Pennsylvania resident for jurisdictional purposes.

12.     Defendant Gamesa Technology Corporation, Inc. is a Delaware corporation that is registered to transact business in the Commonwealth of Pennsylvania. Said Defendant maintains its principal office at 2050 Cabot Boulevard West, Langhorne, PA 19047. As such, Said Defendant is a Pennsylvania resident for jurisdictional purposes.

13.     Defendant Gamesa Technology Corporation, Incorporated, LLC is, upon information and belief, a subsidiary or related company of Defendant Gamesa Technology Corporation, Inc. Said Defendant is a Delaware limited liability company registered to transact business in the Commonwealth of Pennsylvania. Said Defendant maintains its principal office at

3

2050 Cabot Boulevard West, Langhorne, PA 19047. As such, said Defendant is a Pennsylvania resident for jurisdictional purposes.

14.    For purposes of the PMWA, the Plaintiffs were based in Pennsylvania.

    a.    Gamesa is headquartered in Pennsylvania.

    b.    Gamesa employees reported to supervisors in Pennsylvania.

    c.    Gamesa made its hiring, termination, and other personnel decisions in Pennsylvania.

    d.    Gamesa's work assignments originated from the Pennsylvania headquarters.

    e.    Gamesa's payroll decisions were made in Pennsylvania.

    f.    Gamesa issued paychecks from Pennsylvania.

    g.    Plaintiffs communicated with Gamesa's human resources department in Pennsylvania regarding pay issues, general employment issues and work-related issues.

    h.    Some Plaintiffs reside in Pennsylvania.

15.    At all material times, Gamesa has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

16.    At all material times, Gamesa has been an enterprise in commerce or in the production of goods within the meaning of the FLSA due to the fact that Gamesa has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

17.    Gamesa has an annual gross business volume of not less than $500,000.

4

## FACTUAL ALLEGATIONS

18.   Gamesa is a wind turbine company operating in the United States.

19.   Gamesa's corporate office and manufacturing facilities are located in Bucks County Pennsylvania.

20.   Gamesa manufactures and installs wind turbines throughout the United States.

21.   Plaintiffs and the Class Members assist in the installation and assembly of wind turbines.

22.   The Plaintiffs and Class Members were field laborers who performed manual laborer during the installation process of wind turbines.

23.   By way of example, Plaintiff Fullen received a daily list of tasks from his immediate supervisor known as a "Punch List." His daily routine consisted of performing the tasks on that list. His typical duties involved various manual labor tasks, including repairing faulty welds and troubleshooting electrical equipment.

24.   When the Plaintiffs and Class Members compiled their inspection reports, no discretion or independent judgment was required. Gamesa promulgates detailed specifications for their turbines and the associated construction parameters that remove any need for discretion. To produce an inspection report, the Plaintiffs and Class Members follow a detailed inspection list that is promulgated by Gamesa. As such, the Plaintiffs and Class Members are not exempt from overtime under the administrative exemption. See 29 C.F.R. §§ 541.200, 541.600, 541.606, 541.201, 541.202.

25.   Likewise, no independent judgment or discretion is involved in any of the construction related duties of the Plaintiffs and Class Members. Additionally, their duties do not involve invention, imagination, or originality nor do they work in a field that requires advanced

5

knowledge acquired through a long course of specialized intellectual instruction. As such, Plaintiffs and Class Members are not exempt from overtime as learned or creative professionals. *See* 29 C.F.R. §§ 541.300, 541.600, 541.606, 541.301.

26.     Further, the Plaintiffs and Class Members were not supervisors who regularly directed the work of two or more Gamesa employees. Additionally, the Plaintiffs and Class Members did not have hiring or firing authority. Thus, they are not exempt under the executive exemption.

27.     Nevertheless, Gamesa classified the Plaintiffs and Class Members as exempt from overtime.

28.     The basis for classifying the Gamesa Plaintiffs and Class Members as exempt was the same for all Plaintiffs and Class Members.

29.     Gamesa paid Plaintiffs and Class Members a fixed weekly salary regardless of the amount of hours worked. Plaintiffs and Class Members routinely worked more than forty (40) hours per workweek. However, Gamesa did not pay Plaintiffs or Class Members any additional pay for those hours worked over forty (40) in a workweek. Attached hereto as Exhibit "D" is a pay record for Plaintiff Fullen. The pay record identifies that Plaintiff Fullen received a flat salary. Attached hereto as Exhibit "E" are Plaintiff Fullen's time records for the corresponding two week period. Plaintiff Fullen worked well in excess of forty hours each week, Gamesa did not any additional premium for those hours worked over forty.

30.     Additionally, Gamesa paid the Plaintiffs and Class Members compensation labeled as a "per diem" of approximately $4,400 per month. The per diem is substantially greater than the actual or reasonable approximation of Plaintiffs' and Class Members' actual

6

expenses. That is, the "per diem" bears no reasonable relationship to actual room and board costs.

31.     Because the "per diem" bears no reasonable relationship to the actual expenses incurred, it is actually wages and not expense reimbursements. Thus, Gamesa was required to, but failed to, include the "per diem" in the gross wages for determining the hourly rate of Plaintiffs and Class Members. Failing to include the per diem in the regular rate calculation would result in a diluted overtime rate of pay.

32.     There are more than 15 Gamesa employees who meet the definition of Class Members as stated below.

33.     There are more than 25 Gamesa employees who meet the definition of Class Members as stated below.

34.     There are more than 35 Gamesa employees who meet the definition of Class Members as stated below.

35.     There are more than 45 Gamesa employees who meet the definition of Class Members as stated below.

36.     There are more than 55 Gamesa employees who meet the definition of Class Members as stated below.

37.     There are more than 75 Gamesa employees who meet the definition of Class Members as stated below.

38.     There are more than 100 Gamesa employees who meet the definition of Class Members as stated below.

39.     Gamesa's method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct

7

complied with the FLSA. Multinational corporations such as Gamesa have no excuse for failing to comply with the clear letter of the state and wages laws requiring payment of overtime pay to manual laborers such as Plaintiffs and Class Members.

## COUNT I

### PENNSYLVANIA MINIMUM WAGE ACT
### 43 P.S. §§ 333.101 *et seq.*
### UNPAID WAGES AND OVERTIME

40.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

41.     The PMWA requires that covered employees be compensated for every hour worked in a workweek. *See* 43 P.S. § 333.104(a).

42.     The PMWA also requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek. *See* 43 P.S. § 333.104(c).

43.     Plaintiffs and Class Members are covered employees entitled to the protections afforded by the PMWA.

44.     Plaintiffs and Class Members are not exempt from receiving the overtime benefits afforded by the PMWA.

45.     Gamesa is a Pennsylvania employer and thus, required to comply with the strictures of the PMWA.

46.     By failing to pay its employees for time spent working in excess of forty (40) hours during the workweek, Gamesa violated the PMWA.

47.     In violating the PMWA, Gamesa acted willfully and with reckless disregard of clearly applicable PMWA provisions.

8

48.     Gamesa is liable to Plaintiffs and Class Members for back wages, liquidated damages, attorney's fees, interest, and other relief allowed under the PMWA.

## COUNT II

### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. §§ 260 *et seq.*
### UNPAID WAGES

49.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

50.     Gamesa failed to pay Plaintiffs and Class Members all wages due by virtue of not paying Plaintiffs and Class Members overtime premiums as required by state and federal law.

51.     In violating the PWPCL, Gamesa acted willfully and with reckless disregard of clearly applicable PWPCL provisions.

52.     Games is liable to Plaintiffs and Class Members for back wages, liquidated damages, attorney's fees, interest, and other relief allowed under the PWPCL.

## COUNT III

### FAIR LABOR STANDARDS ACT
### 29 U.S.C. §§ 201 *et seq.*
### UNPAID WAGES AND OVERTIME

53.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

54.     Federal statute 29 U.S.C. § 207(a)(1) requires employers to compensate employees for each hour worked over forty (40) per workweek at a rate not less than one and one-half times the employee's regular rate of pay.

55.     Plaintiffs and Class Members regularly worked more than 40 hours per workweek, but Gamesa failed to pay them any additional pay for those hours worked over forty in a workweek.

9

56.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Additionally, Gamesa failure to comply with the statue was not in good faith under 29 U.S.C. § 260.

57.     Gamesa is liable to Plaintiffs and Class Members for all unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and costs and expenses pursuant to 29 U.S.C. § 216(b).

## FLSA COLLECTIVE ACTION ALLEGATIONS

58.     This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. § 216(b).  The class is properly defined as follows:

> **All current and former Gamesa employees (1) with the titles of "Technical Advisor," "Quality Construction Supervisor," and/or "Commissioner" and all other Gamesa employees who performed similar responsibilities under different titles, (2) who were paid on a salary basis during any workweek from October 30, 2009 going forward.**

59.     Plaintiffs bring this case as a collective action to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs that are owed to Plaintiffs and the Class Members, as defined above.

60.     Plaintiffs estimate that there are more than 40 members in the class who have been uniformly affected by the improper compensation practices promulgated by Gamesa, as explained in the preceding paragraphs.  The precise number and identities may be ascertained easily through an examination of Gamesa's records.

61.     Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this action through direct mail and email.

10

62.     Collective treatment is proper in this case because Plaintiffs are similarly situated to the employees they seek to represent. Plaintiffs and the Class Members at Gamesa were subject to the same compensation policies and were uniformly classified as exempt. The Plaintiffs and Class Members performed the same or similar manual laborer duties.

63.     Plaintiffs request that the Court authorize prompt notice to the Class to inform them of the pendency of this action and of their right to join as an opt-in plaintiff pursuant to 29 U.S.C. § 216(b) so that they too may be afforded the opportunity to seek redress for Gamesa's denial of their overtime wages under the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

64.     Plaintiffs bring this action on behalf of the following class of similarly situated employees, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> **All current and former Gamesa employees with the titles of "Technical Advisor," "Quality Construction Supervisor," and/or "Commissioner" and all other Gamesa employees who performed similar responsibilities under different titles who were paid on a salary basis and who did not receive overtime pay at the rate of time and one-half the hourly rate of pay for all hours worked over forty in at least one workweek from October 30, 2009 going forward.**

65.     The members of the class are so numerous that joinder of all the members into one action is impracticable. Plaintiffs estimate there are approximately 100 or more Class Members.

66.     Further, each Class Member has been uniformly affected by Gamesa's improper compensation and overtime policies. Thus, there are questions of law and fact common to the classes, including, without limitation the following:

11

    a.      Whether Gamesa, based on its uniform and companywide policies has failed to pay overtime to the Plaintiffs and Class Members at the rate required under the PMWA;

    b.      Whether Plaintiffs and Class Membrs are entitled to overtime compensation for services rendered in excess of forty (40) hours per workweek under the PMWA;

    c.      Whether Plaintiffs and Class Members are entitled to unpaid wages for services rendered in excess of forty (40) hours per workweek under the PWPCL;

    d.      Whether Plaintiffs and Class Member were uniformly misclassified as exempt from overtime;

    e.      Whether Plaintiffs and Class Members performed manual laborer tasks as their primary duties;

    f.      Whether Gamesa acted knowingly, willfully, or recklessly in violating the PMWA and the PWPCL; and

    g.      Whether liquidated, or other special damages, are warranted under the PMWA and the PWPCL.

67.      Plaintiffs' claims are typical of the claims of the respective class they seek to represent. Gamesa's illegal refusal to pay overtime at the rate prescribed by the PMWA and Gamesa's illegal refusal to pay all wages due as required by the PWPCL have affected Plaintiffs and the Class Members in the exact same way.

68.      Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs have no interests antagonistic to the class. Plaintiffs have retained counsel

experienced in class and representative actions involving wage and hour claims. Plaintiffs' counsel are committed to prosecuting this action.

69.    This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3) because:

      a.    The litigation of separate actions by individual members of the class would create a risk of inconsistent judgments which, in turn, would establish incompatible standards of conduct for Gamesa;

      b.    Gamesa, by failing to pay proper compensation to its employees in violation of the PMWA, has acted on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole;

      c.    Gamesa, by failing to pay all wages due to its employees as required by the PWPCL, has acted on grounds generally applicable to the entire class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole; and

      d.    Common questions of law and fact, as set forth above, predominate over any questions affecting only individual members, thereby rendering a class action the superior procedural mechanism for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity.

70.    Moreover, the damages suffered by each Plaintiff and Class Member may be relatively small compared to the expense involved in recovering those sums. The expenses and burden of individual litigation would make it problematic for the individual employees to bring

13

claims on an individual basis. As attorneys' fees are recoverable under the PMWA and the PWPCL, proceeding collectively will minimize the expense ultimately shouldered by Gamesa.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to issues so triable.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully pray that the Court enter an order:

a.     Certifying this action as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Fed. R. Civ. P. 23;

b.     Ordering Gamesa to promptly file with this Court and furnish to counsel a list of all names, addresses and contact information of all Class Members, as defined above, who have worked for Gamesa during the past three (3) years;

c.     Informing all Class Members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

d.     Adjudicating and declaring that the Plaintiffs and Class Members are entitled to overtime compensation for all hours worked in excess of forty (40) per workweek;

e.     Adjudicating and declaring that Gamesa violated the FLSA and PMWA by failing to pay Plaintiffs and Class Members for their hours worked in excess of forty (40) each workweek;

f.     Adjudicating and declaring that Gamesa violated the PWPCL by failing to pay Plaintiffs and Class Members all wages due;

g.     Awarding Plaintiffs and Class Members overtime wages in an amount consistent with the dictates of the FLSA, the PMWA, and the PWPCL;

14

h.     Awarding Plaintiffs and Class Members liquidated damages in accordance with the FLSA;

i.     Awarding Plaintiffs and Class Members all liquidated damages and penalties allowed under the PMWA and the PWPCL;

j.     Awarding Plaintiff and Class Members their reasonable attorneys' fees and costs expended in litigation this action against Gamesa, in accordance with the PMWA, the PWPCL and the FLSA;

k.     Awarding pre and post-judgment interest and court costs as further allowed by law; and

15

1.       Awarding all additional general and equitable relief to which Plaintiffs and Class

may be entitled.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Galvin B. Kennedy
Galvin B. Kennedy
Pro Hac Vice Application to be filed
gkennedy@kennedyhodges.com
Texas State Bar No. 00796870
Don J. Foty
Pro Hac Vice Application to be filed
Dfoty@kennedyhodges.com
Texas Bar No. 24050022
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY-IN-CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS

And

SWARTZ SWIDLER, LLC

By: /s/ Justin L. Swidler
Justin L. Swidler
1878 Marlton Pike East, Suite 10
Cherry Hill, New Jersey 08003
Telephone: (856) 685-7420
Facsimile: (856) 685-7417
jswidler@swartz-legal.com

Dated: November 5, 2012

16

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

Name:  Paul D Kane II

1.    I consent and agree to pursue my claims of unpaid overtime and/or minimum wage through the lawsuit filed against my employer.

2.    I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.    I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.    In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _Paul D Kane II_        (Date Signed) _10/04/2012_

The information provided below will not be filed with the court:

Printed Name:  Paul D Kane II

Address: 1408 Princeton Rd

             Altoona Pa 16602

Phone:  814-505-8247

Email:  paul.kane19@yahoo.com

Employment Dates: Start: Sep 2009  End: Present

Location: Altoona pa

Position: Tech Advisor

# EXHIBIT B

## CONSENT TO BECOME A PARTY PLAINTIFF

Name:   Tommy Lee Fullen

1.    I consent and agree to pursue my claims of unpaid overtime and/or minimum wage through the lawsuit filed against my employer.

2.    I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.    I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.    In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _Tommy Lee Fullen_           (Date Signed) _10/06/2012_

The information provided below will not be filed with the court:

Printed Name:   Tommy Lee Fullen

Address:  9502 Gramond Hall ct

          Spring, TX 77379

Phone:   832-326-0015

Email:   Tommy.Lee.Fullen@GMAIL.COM

Employment Dates: Start: 10-3-11    End: Still Employee

Location: OK,TX,NH

Position: TA

# EXHIBIT C

## CONSENT TO BECOME A PARTY PLAINTIFF

Name:  Giovanne Saldarriaga

1.     I consent and agree to pursue my claims of unpaid overtime and/or minimum wage through the lawsuit filed against my employer.

2.     I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.     I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.     In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _____          (Date Signed)   10/10/2012

The information provided below will not be filed with the court:

Printed Name:   Giovanne Saldarriaga

Address:  9734sw 138av

          Miami, Fl 33186

Phone:   786-3467231

Email:   giovanne@live.com

Employment Dates: Start: march 2010 End:  pressent

Location: Langhorne, PA

Position: Qualit Supervisor

# EXHIBIT D

GAMESA WIND US
2050 CABOT BLVD WEST
LANGHORNE, PA 19047 03

Period Beginning:   07/13/2012
Period Ending:      07/26/2012
Pay Date:           08/03/2012

Taxable Marital Status:   Single
Exemptions/Allowances:
   Federal:   2
   TX:        No State Income Tax

00000000212
TOMMY L FULLEN
9502 GRAMOND HALL CT
SPRING TX 77379

Social Security Number:  XXX-XX-6104

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 2307.69 | 80.00 | 2,307.69 | 36,923.04 |
| Gross Pay | | | $2,307.69 | 36,923.04 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| 401K | | 899.99 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -303.72 | 4,911.42 |
| | Social Security Tax | -95.34 | 1,525.33 |
| | Medicare Tax | -32.91 | 526.60 |
| | OK State Income Tax | | 554.00 |
| | **Other** | | |
| | Checking | -1,768.63 | |
| | Pretax Dental | -2.17* | 34.72 |
| | Pretax Health | -35.31* | 564.96 |
| | Vision | -0.38* | 6.08 |
| | 401K Fidelity | -69.23* | 899.99 |
| | Net Pay | $0.00 | |

* Excluded from federal taxable wages

Your federal taxable wages this period are
$2,200.60

©1990, 2006, ADP, Inc. All Rights Reserved

▼ TEAR HERE

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

GAMESA WIND US
2050 CABOT BLVD WEST
LANGHORNE, PA 19047 03

Advice number:   00000310212
Pay date:        08/03/2012

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| TOMMY L FULLEN | xxxx6812 | xxxx xxxx | $1,768.63 |

THIS IS NOT A CHECK

## NON-NEGOTIABLE

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK - HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT

# EXHIBIT E

Employee Name: Fullen, Tommy L

Payroll Group: The Prax Payroll / Employee Group: CXMLSA

Case 2:12-cv-06258-BMS  Document 1  Filed 11/06/12  Page 25 of 26

For The Pay Period: 07/15/2012 11:00 PM Thru 07/22/2012 11:00 PM

Printed: 25-Jul-12  02:38 PM

| Status | Actual | Edited | In/Out | Reg | Ot | Ot2 | Total |
|--------|--------|--------|--------|-----|-----|-----|-------|
| Warn | Mon Jul 16  05:58 AM | Mon Jul 16  06:00 AM | In | | | | |
| Warn | Mon Jul 16  06:21 PM | Mon Jul 16  06:15 PM | Out -0:30 | 8:00 | 3:45 | | 11:45 |
| Warn | Tue Jul 17  05:58 AM | Tue Jul 17  06:00 AM | In | | | | |
| Warn | Tue Jul 17  05:42 PM | Tue Jul 17  05:45 PM | Out -0:30 | 8:00 | 3:15 | | 11:15 |
| Warn | Thu Jul 19  05:53 AM | Thu Jul 19  06:00 AM | In | | | | |
| Warn | Thu Jul 19  05:26 PM | Thu Jul 19  05:30 PM | Out -0:30 | 8:00 | 3:00 | | 11:00 |
| Warn | Fri Jul 20  05:52 AM | Fri Jul 20  05:45 AM | In | | | | |
| Warn | Fri Jul 20  04:30 PM | Fri Jul 20  04:30 PM | Out -0:30 | 8:00 | 2:15 | | 10:15 |
| Warn | Sat Jul 21  05:53 AM | Sat Jul 21  06:00 AM | In | | | | |
| Warn | Sat Jul 21  06:30 PM | Sat Jul 21  06:30 PM | Out -0:30 | 8:00 | 4:00 | | 12:00 |
| | | | Total | 40:00 | 16:15 | 0:00 | 56:15 |

TIME CARD REPORT  Employee Name: Fullen, Tommy L

Payroll Group: Time Pay 0625 Public Works Group: GAMES

For The Pay Period: 07/22/2012 11:00 PM Thru 07/29/2012 11:00 PM

Printed: 30-Jul-12 04:37 PM

| Status | Actual | Edited | In/Out | Reg | Ot1 | Ot2 | Total |
|---|---|---|---|---|---|---|---|
| Warn | Wed Jul 25 05:52 AM | Wed Jul 25 05:45 AM | In | | | | |
| Warn | Wed Jul 25 04:21 PM | Wed Jul 25 04:15 PM | Out 0:30 | 8:00 | 2:00 | | 10:00 |
| Warn | Thu Jul 26 05:59 AM | Thu Jul 26 06:00 AM | In | | | | |
| Warn | Thu Jul 26 04:46 PM | Thu Jul 26 04:45 PM | Out 0:30 | 8:00 | 2:15 | | 10:15 |
| Warn | Fri Jul 27 05:57 AM | Fri Jul 27 06:00 AM | In | | | | |
| Warn | Fri Jul 27 04:29 PM | Fri Jul 27 04:30 PM | Out 0:50 | 8:00 | 2:00 | | 10:00 |
| Warn | Sat Jul 28 05:57 AM | Sat Jul 28 06:00 AM | In | | | | |
| Warn | Sat Jul 28 06:30 PM | Sat Jul 28 06:30 PM | Out 0:30 | 8:00 | 4:00 | | 12:00 |
| Warn | Sun Jul 29 05:53 AM | Sun Jul 29 06:00 AM | In | | | | |
| Warn | Sun Jul 29 01:30 PM | Sun Jul 29 01:30 PM | Out | 7:30 | | | 7:30 |
| | | | Total | 39:30 | 10:15 | 0:00 | 49:45 |